IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| MOBILE HEALTH INNOVATIVE SOLUTIONS, LLC, | § § § § § § § § § § § § | CASE NO. 2:24-cv-437-JRG |
| Plaintiff, | | |
| v. | | JURY TRIAL DEMANDED |
| GOOGLE LLC, | | |
| Defendant. | | |

**DEFENDANT GOOGLE LLC'S MOTION TO DISMISS
UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

## **TABLE OF CONTENTS**

**Page**

INTRODUCTION ........................................................................................................................... 1

STATEMENT OF ISSUE TO BE DECIDED.............................................................................. 1

STATEMENT OF FACTS ............................................................................................................ 2

LEGAL STANDARDS ................................................................................................................. 3

ARGUMENT ................................................................................................................................. 3

      I.     PLAINTIFF'S DIRECT INFRINGEMENT ALLEGATIONS ARE NOT
           PLAUSIBLE ............................................................................................................ 3

      II.    PLAINTIFF'S CLAIMS OF INDIRECT INFRINGEMENT SHOULD BE
           DISMISSED FOR FAILURE TO STATE A CLAIM ......................................... 7

CONCLUSION............................................................................................................................ 10

# TABLE OF AUTHORITIES

Page

**CASES**

*ALD Soc., LLC v. Apple, Inc.*,
   683 F. Supp. 3d 1012 (N.D. Cal. 2023) ......................................................................... 5, 6, 7

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ........................................................................................................ 3, 4, 9

*Babbage Holdings, LLC v. Activision Blizzard, Inc.*,
   No. 2:13-CV-00750, 2014 WL 2115616 (E.D. Tex. May 15, 2014)
   (Gilstrap, J.) ............................................................................................................................. 9

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ............................................................................................................ 1, 3

*Bot M8 LLC v. Sony Corp. of Am.*,
   4 F.4th 1342 (Fed. Cir. 2021) .............................................................................................. 1, 7

*Commil USA, LLC v. Cisco Sys., Inc.*,
   575 U.S. 632 (2015) ........................................................................................................ 1, 8, 9

*Contiguity, LLC v. Conduent Bus. Services, LLC*,
   No. W-23-CV-00038-XR, 2024 WL 252068 (W.D. Tex. Jan. 22, 2024) ............................ 6

*Core Wireless Licensing S.A.R.L. v. Apple Inc.*,
   No. 6:14-CV-00752, 2015 WL 4910427 (E.D. Tex. Aug. 14, 2015)
   (Gilstrap, J.) ......................................................................................................................... 8, 9

*Corydoras Techs., LLC v. Apple Inc.*,
   No. 2:16-CV-00538, 2016 WL 9242435 (E.D. Tex. Nov. 23, 2016)
   (Gilstrap, J.) ......................................................................................................................... 9, 10

*CyboEnergy, Inc. v. Hoymiles Power Elecs. USA, Inc.*,
   No. 2:23-CV-00311, 2024 WL 1219725 (E.D. Tex. Mar. 20, 2024)
   (Gilstrap, J.) ............................................................................................................................ 10

*Intell. Ventures II LLC v. Sprint Spectrum, L.P.*,
   No. 2:17-CV-00662, 2018 WL 6804804 (E.D. Tex. Sept. 24, 2018)
   (Gilstrap, J.) .............................................................................................................................. 3

*Nalco Co. v. Chem-Mod, LLC*,
   883 F.3d 1337 (Fed. Cir. 2018) .............................................................................................. 4, 7

**TABLE OF AUTHORITIES**
(continued)

Page

*NorthStar Sys. LLC v. Volkswagen AG*,
    No. 2:22-CV-00486, 2023 WL 5723648 (E.D. Tex. Sept. 5, 2023)
    (Gilstrap, J.) ............................................................................................................................ 8

*Ottah v. Fiat Chrysler*,
    884 F.3d 1135 (Fed. Cir. 2018) ............................................................................................... 4

*Ruby Sands LLC v. Am. Nat'l Bank of Tex.*,
    No. 2:15-cv-1955, 2016 WL 3542430 (E.D. Tex. June 28, 2016) (Gilstrap, J.) ........... 1, 4, 7, 8

**STATUTES**

35 U.S.C. § 271 ................................................................................................................................ 8

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12 ................................................................................................................. *passim*

iii

## INTRODUCTION

Defendant Google LLC ("Google") respectfully moves to dismiss Plaintiff Mobile Health Innovative Solutions, LLC's ("MHIS") complaint in its entirety because it fails to state a claim upon which relief can be granted.

*First*, the complaint should be dismissed for failure to state a claim of direct infringement of U.S. Patent No. 11,468,984 ("the '984 Patent"). MHIS "plead[s] itself out of court" with factual allegations that contradict infringement. *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1354 (Fed. Cir. 2021). The claim language requires the calculation of a "mean" while MHIS's complaint alleges that the corresponding feature of the accused products merely calculates a sum. A sum is not a mean. Because MHIS's complaint refutes infringement on its face, it should be dismissed.

*Second*, the complaint fails to plead: (i) a lack of substantial non-infringing use for contributory infringement; (ii) the specific intent for contributory or induced infringement; and (iii) the requisite pre-suit knowledge of the asserted patent. *See, e.g., Ruby Sands LLC v. Am. Nat'l Bank of Tex.*, No. 2:15-cv-1955, 2016 WL 3542430, at *3 (E.D. Tex. June 28, 2016) (Gilstrap, J.); *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 639 (2015).

For these independent reasons, MHIS's complaint should be dismissed "lest a plaintiff with 'a largely groundless claim' be allowed to 'take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557-58 (2007).

## STATEMENT OF ISSUE TO BE DECIDED

Should MHIS's complaint be dismissed because its contradictory direct infringement allegations and lack of indirect infringement allegations fail to state a claim as required by Federal Rule of Civil Procedure 12(b)(6)?

1

## STATEMENT OF FACTS

MHIS filed the complaint alleging infringement of the '984 Patent on June 11, 2024. Dkt. 1.  MHIS alleges infringement by "the Google Pixel Watches, such as the Google Pixel 2, which comprises a Body Response feature used for calculating a stress management score for the user and notifying the user such that the user either shares his feeling at that moment or take steps to reduce stress such as guided breathing and mindful sessions." *Id.* ¶ 32.

MHIS attempts to allege that Google directly and indirectly infringes the '984 Patent. *Id.* ¶¶ 28-42.  The complaint itself is skeletal, merely reciting the legal standard for direct and indirect infringement without well-pleaded factual allegations:

> Upon information and belief, Defendant has infringed and continues to infringe one or more claims, including at least Claim 1, of the '984 Patent by manufacturing, using, importing, selling, offering for sale, and/or providing (as identified in the Claim Chart attached hereto as Exhibit B) products including, but not limited to, the Google Pixel Watches, such as the Google Pixel 2, which comprises a Body Response feature used for calculating a stress management score for the user and notifying the user such that the user either shares his feeling at that moment or take steps to reduce stress such as guided breathing and mindful sessions ("Products"), which infringe at least Claim 1 of the '984 Patent. Defendant has infringed and continues to infringe the '984 patent either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271.
>
> Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, one or more claims, including at least Claim 1, of the '984 Patent, by having its employees internally test and use these exemplary Products.

*Id.* ¶¶ 32-33.  MHIS also attaches a claim chart.  *Id.* ¶¶ 37-38; Dkt. 1-2.

For indirect infringement, MHIS's sole allegation regarding Google's knowledge of the asserted patent is based on service of the complaint.  *Id.* ¶ 34.  MHIS's complaint lacks any factual allegations about Google's pre-suit knowledge.  And other than a brief mention of contributory infringement as recited above, *id.* ¶ 32, the complaint lacks any allegations for necessary elements of contributory infringement, including "no substantial non-infringing use."  Finally, MHIS's allegations for induced infringement refer to alleged distribution of "product literature and website

2

materials" without any allegations as to how such documentation purportedly induces infringement:

> Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe one or more claims, including at least Claim 1 of the '984 Patent. On information and belief, Defendant has also continued to sell the exemplary Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes one or more claims, including at least Claim 1, of the '984 Patent. *See* Exhibit B (extensively referencing these materials to demonstrate how they direct end users to commit patent infringement).
>
> At least since being served by this Complaint and corresponding claim chart, Defendant has actively, knowingly, and intentionally continued to induce infringement of the '984 Patent, literally or by the doctrine of equivalents, by selling exemplary Products to their customers for use in end-user products in a manner that infringes one or more claims, including at least Claim 1, of the '984 Patent.

*Id.* ¶¶ 35-36.

## LEGAL STANDARDS

To survive a challenge under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must include "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Accordingly, courts "need not accept as true legal conclusions couched as factual allegations." *Intell. Ventures II LLC v. Sprint Spectrum, L.P.*, No. 2:17-CV-00662, 2018 WL 6804804, at *1 (E.D. Tex. Sept. 24, 2018) (Gilstrap, J.).

## ARGUMENT

I.  **PLAINTIFF'S DIRECT INFRINGEMENT ALLEGATIONS ARE NOT PLAUSIBLE**

The complaint should be dismissed because it does not allege sufficient facts to support a claim that the accused products plausibly infringe the "arithmetic mean or a weighted mean"

3

limitation required by the claims.  "[T]o state a claim for direct infringement, a plaintiff must explicitly plead facts to plausibly support the assertion that a defendant 'without authority makes, uses, offers to sell, or sells any patented invention during the term of the patent.'" *Ruby Sands*, 2016 WL 3542430, at *2.  "To survive a motion to dismiss" under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678.  Although claim construction is generally not proper at the 12(b)(6) stage, *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1350 (Fed. Cir. 2018), the complaint cannot depend on implausible allegations, *Ottah v. Fiat Chrysler*, 884 F.3d 1135, 1142 (Fed. Cir. 2018).

MHIS's direct infringement allegations and claim chart contradict the plain claim language of the '984 Patent.  The '984 Patent claims, in relevant part:

> A device for calculating a current load level of a user comprising:
>   a mobile end unit having
>    . . .
>   wherein category-specific load levels are ascertained by the evaluation unit **by means of an arithmetic mean or a weighted mean of features** relating to the biometric data pertaining to each category in the plurality of categories
>    . . .
>   wherein the determined current load level of the user is displayed to the user via the mobile end unit in the form of a consolidated load level obtained from a combination of category-specific load levels by the **evaluation unit forming the arithmetic mean or weighted mean of the category-specific load levels**.

'984 Patent at claim 1 (emphasis added).  The claims require a "current load level" determined by calculating "an arithmetic mean or a weighted mean" at two different points.  *See* '984 Patent at Claim 1.  First, an arithmetic mean or a weighted mean is taken within each "category-specific load-level[]," for example, sleep, that is used to calculate the overall load level.  *Id.* at 23:13-18.  As the patent explains for the sleep category, there are eleven additional features within that

4

category and their "individual values are used to form a mean value, for example an arithmetic mean or a weighted mean." *Id.* at 12:58-13:13. Then, an arithmetic mean or a weighted mean is taken "from a combination of [the] category-specific load levels," including sleep, speech, motor functions, social interaction, economic data, personal data, and questionnaire data taken. *Id.* at 23:34-37; 14:44-48.

In its claim chart, MHIS asserts that a stress management score calculated by the accused products corresponds to the claimed "current load level." MHIS alleges that various health metrics provided by the accused products and purportedly used to determine the user's stress management score correspond to the "category-specific load levels." But MHIS does not provide any allegations that the stress management score is calculated by a mean as required by the claims. Nor does it point to any support indicating that even one of these health metrics is calculated based on a mean. The only information MHIS points to regarding the calculation of any of these metrics is for the sleep score. MHIS alleges the category-specific mean limitation is met because the Fitbit Today application displays a sleep score from 1 to 100 based on factors such as sleep duration, sleep quality, and restoration. *See* Dkt. 1-2 at 17. For support, MHIS cites Google's website materials, which, as cited in MHIS's claim chart, state that the sleep score "***is a sum*** of your individual scores in sleep duration, sleep quality, and restoration." *Id.* at 20. A sum is not a mean. These two calculations are different, with the claimed calculation (a mean) requiring an additional step that the allegations in the complaint do not plausibly plead–or plead at all. MHIS's cited support for its allegations regarding the mean limitation contradicts the claim language, and as such, cannot give rise to infringement.

Similar to complaints in other jurisdictions that have been dismissed under Rule 12(b)(6), MHIS's infringement allegations fail because they are internally contradictory. In *ALD Soc., LLC*

5

*v. Apple, Inc.*, the claimed invention assessed a "crowd risk," defined in the patent as "a danger posed by a contemporaneous accumulation of people in a geographic location, as indicated by the observable location and movement of wireless devices." 683 F. Supp. 3d 1012, 1024 (N.D. Cal. 2023).  The district court reviewed the documents attached to the complaint and found that the accused invention, however, focused on individual risk by monitoring the proximity between mobile devices via Bluetooth and alerting a user's device of the potential viral exposure to COVID-19 due to reported results and past data.  *Id.*  The district court granted defendant's motion to dismiss, reasoning that "[r]isk to an individual is not the same as or equivalent to risk posed by a crowd" and "[t]he term 'crowd risk' does not encompass the likelihood of an individual's past exposure to COVID-19." *Id.* at 1024.  Likewise, in *Contiguity, LLC v. Conduent Bus. Services, LLC*, the plaintiff alleged that the accused infringing technology used only one camera at a single location to capture images of passing vehicles although the plain claim language required two cameras at two locations.  No. W-23-CV-00038-XR, 2024 WL 252068, at *3 (W.D. Tex. Jan. 22, 2024).  The district court granted the motion to dismiss, reasoning that the plaintiff "pleads itself out of court, alleging a direct infringement theory that is incompatible with any plausible construction of the asserted claims." *Id.*

To the extent MHIS contends that the Court should not dismiss the complaint because claim construction is necessary, it would be incorrect.  First, there is no claim construction required.  The contradictory statements are contained entirely within the complaint and attached claim chart.  MHIS fails to allege direct infringement based on its own interpretation of the claims put forth in its complaint.  The complaint should be dismissed on the basis of this contradiction alone, without consideration of whether MHIS's interpretation is correct.  Second, if the Court believes claim construction is required, the Court may still dismiss the complaint.  While claim

6

construction is generally improper on a motion to dismiss, a Court may dismiss a complaint if it depends on an "implausible claim construction." *See ALD Social*, 683 F. Supp. 3d at 1023; *see also Nalco Co.*, 883 F.3d at 1349. As in *ALD Social*, here, the proposed claim construction (a sum) is not a plausible construction of the posed claim term (mean).

MHIS's allegations, like the above cases, rely on materials that plainly contradict the required claim term "mean." "Where, as here, the factual allegations ***are actually inconsistent with and contradict infringement***, they are likewise insufficient to state a plausible claim." *Bot M8*, 4 F.4th at 1354. MHIS failed to plead plausible facts indicating that Google's accused products calculate an "arithmetic mean or a weighted mean" as required by the claim language, and its direct infringement claims should be dismissed.

## II.   PLAINTIFF'S CLAIMS OF INDIRECT INFRINGEMENT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM

MHIS's complaint also fails to state a claim for indirect infringement. First, as discussed above, the complaint fails to allege direct infringement, which is a required element of indirect infringement. *See Ruby Sands*, 2016 WL 3542430, at *3. But the complaint also fails beyond even this initial threshold.

"To state a claim for contributory infringement, a plaintiff must allege facts to plausibly support the assertion that there was (1) an act of direct infringement; (2) that the defendant knew that the combination for which its components were especially made was both patented and infringed; and (3) the components have no substantial non-infringing use." *Id.* And "[t]o state a claim for induced infringement, a plaintiff must allege facts to plausibly support the assertion that the defendant specifically intended a third party to directly infringe the plaintiff's patent and knew that the third party's acts constituted infringement." *Id.* MHIS's complaint falls far below these bars, lacking any allegations about substantial non-infringing uses of the accused products.

7

Instead, the complaint merely asserts that Google "has infringed and continues to infringe . . . through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271," (Dkt. 1 ¶ 32), but fails to allege facts that plausibly support induced or contributory infringement.

Regarding contributory infringement, the complaint does not offer any allegations that Google "knew that the combination for which its components were especially made was both patented and infringed" or that "the components have no substantial non-infringing uses." *Ruby Sands*, 2016 WL 3542430, at *3. Indeed, the complaint is devoid of any allegation whatsoever regarding substantial non-infringing uses of the accused products. As such, MHIS has failed to adequately plead contributory infringement. *Core Wireless Licensing S.A.R.L. v. Apple Inc.*, No. 6:14-CV-00752, 2015 WL 4910427, at *5 (E.D. Tex. Aug. 14, 2015) (Gilstrap, J.) (dismissing contributory infringement claims when the complaint was "devoid of any facts" regarding whether the accused products had any "substantial non-infringing uses").

Liability for induced infringement "attaches only if the defendant knew of the patent and that 'the induced acts constitute patent infringement.'" *Commil*, 575 U.S. at 639. But MHIS's complaint does not provide any factual allegations to plausibly support any claim that Google specifically intended a third party to directly infringe and knew that the third party's acts constituted infringement. *See NorthStar Sys. LLC v. Volkswagen AG*, No. 2:22-CV-00486, 2023 WL 5723648, at *3 (E.D. Tex. Sept. 5, 2023) (Gilstrap, J.) (dismissing claim when complaint "inadequately pled indirect infringement" because plaintiff "has not sufficiently pled that [defendant] has caused or encouraged infringing activity"); *Core Wireless*, 2015 WL 4910427, at *1, *4 (dismissing induced infringement claims where the complaint failed to allege any facts that defendant "had the specific intent to induce its customer's actions, and knowledge that those

8

actions amounted to infringement"). MHIS's complaint contains nothing more than a boilerplate restatement of the legal standard for induced infringement: Google has "induc[ed] end users and others" and "intentionally continued to induce infringement . . . by selling exemplary Products to their customers." Dkt. 1 ¶¶ 35-36. Such "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. At most, MHIS attempts to satisfy its pleading requirement by alleging that "[Google] has also continued to sell the exemplary Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes one or more claims." Dkt. 1 ¶ 35. But as this Court holds, such generic allegations cannot survive Rule 12(b)(6). *See, e.g.*, *Core Wireless*, 2015 WL 4910427, at *4 (holding the complaint failed to plead induced infringement because plaintiff failed to allege facts explaining "how the instructions direct customers to use those products in an infringing manner").

MHIS's indirect infringement claims should be dismissed in their entirety. Should the Court hold otherwise, at a minimum, MHIS's claims of indirect infringement against Google ***prior to the filing*** of the complaint should be dismissed. Both induced and contributory infringement require "knowledge of the patent in suit and knowledge of patent infringement." *Commil*, 575 U.S. at 639; *see Corydoras Techs., LLC v. Apple Inc.*, No. 2:16-CV-00538, 2016 WL 9242435, at *1 (E.D. Tex. Nov. 23, 2016) (Gilstrap, J.) (induced infringement claim "necessarily includes the requirement that [defendant] knew of the patent"); *Babbage Holdings, LLC v. Activision Blizzard, Inc.*, No. 2:13-CV-00750, 2014 WL 2115616, at *2 (E.D. Tex. May 15, 2014) (Gilstrap, J.) (dismissing claims for induced and contributory infringement based on failure to plausibly allege knowledge). Here, MHIS makes no effort to allege pre-suit knowledge of the asserted patent. Instead, MHIS states only that "[Google] has knowledge of its infringement of the [asserted

9

patent], *at least as of* the service of the present complaint," which at most supports post-suit knowledge. Dkt. ¶ 30 (emphasis added). Indeed, MHIS confirms that such knowledge is limited to allegations of post-suit infringement by stating that "[t]he service of this Complaint . . . constitutes actual knowledge of infringement as alleged here." Dkt. ¶ 34. The totality of MHIS's inducement claim is a handful of threadbare and formulaic recitations that fail to plead any *facts* suggesting that Google had pre-suit knowledge of the patent or any specific intent to cause infringement. Accordingly, its pre-suit indirect infringement claims should be dismissed. *See, e.g.*, *CyboEnergy, Inc. v. Hoymiles Power Elecs. USA, Inc.*, No. 2:23-CV-00311, 2024 WL 1219725, at *6-7 (E.D. Tex. Mar. 20, 2024) (Gilstrap, J.) (granting motion to dismiss regarding plaintiff's "pre-suit indirect infringement" claims where plaintiff "failed to plead any facts plausibly showing that Defendant knew of the Asserted Patents prior to this lawsuit"); *Corydoras*, 2016 WL 9242435, at *2-3 (granting motion to dismiss regarding plaintiff's "pre-suit indirect infringement" claims).

## CONCLUSION

For these reasons, the Court should dismiss Plaintiff's direct and indirect infringement claims.

Dated:  August 19, 2024 | Respectfully submitted,

By:  */s/ Tharan Gregory Lanier*
Tharan Gregory Lanier
tglanier@jonesday.com
Evan McLean
emclean@jonesday.com
Gurneet Singh *(Pro Hac Vice)*
gsingh@jonesday.com
JONES DAY
1755 Embarcadero Road
Palo Alto, CA  94303
Telephone: +1.650.739.3939
Facsimile: +1.650.739.3900

Tracy A. Stitt
tastitt@jonesday.com
JONES DAY
51 Louisiana Ave., N.W.
Washington, D.C. 20001
Telephone: +1.202.879-3939
Facsimile: +1.202.626.1700

I. Sasha Mayergoyz
smayergoyz@jonesday.com
JONES DAY
110 North Wacker Dr., Suite 4800
Chicago, IL  60606
Telephone: +1.312.782-3939
Facsimile: +1.312.782.8585

Daniele San Román *(Pro Hac Vice)*
dsanroman@jonesday.com
JONES DAY
4655 Executive Drive, Suite 1500
San Diego, CA 92121
Telephone: +1.858.314.1200
Facsimile: +1.844.345.3178

Michael E. Jones
TX State Bar No. 10929400
mikejones@potterminton.com
Shaun W. Hassett
TX State Bar No. 24074372
shaunhassett@potterminton.com
POTTER MINTON
102 N. College Ave., Suite 900

1

Tyler, TX 75702
Telephone: +1.903.597.8311
Facsimile: +1.903.593.0846

*Counsel for Defendant Google LLC*